Filed 2/7/23  P. v. Simpson CA2/7
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B296083 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. TA127755) |
| DONALD ALAN SIMPSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Reversed.

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Amanda V. Lopez and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Following a jury trial, Donald Simpson was convicted in 2012 of multiple offenses, including first degree felony murder and seven counts of robbery, with a true finding the murder was committed while Simpson was engaged in the commission of a robbery. (Pen. Code, § 190.2, subd. (a)(17)(A)).[1] The jury also found true Simpson personally used a firearm in connection with the murder and specified other charges, and the murder and specified offenses were committed to benefit a criminal street gang. Simpson appealed, and we affirmed the convictions but remanded for resentencing in light of multiple sentencing errors. (*People v. Simpson* (July 11, 2017, B271460) [nonpub. opn.] (*Simpson I*).) After a second appeal (*People v. Simpson* (Apr. 3, 2019, B291875) [nonpub. opn.] (*Simpson II*)), on remand the trial court sentenced Simpson to life without the possibility of parole, plus 44 years four months.

In February 2019 Simpson filed a petition for resentencing pursuant to former section 1170.95 (now section 1172.6). The trial court found Simpson did not qualify for resentencing because the jury found true the felony-murder special circumstance that the murder was committed during the commission of a robbery, for which the jury had to find Simpson had the intent to kill or was a major participant in the crime and acted with reckless indifference to human life. In our original

---

[1] Penal Code section 190.2, subdivision (a)(17), provides for a penalty of death or life imprisonment without the possibility of parole if "[t]he murder was committed while the defendant was engaged in, or was an accomplice in, the commission of, attempted commission of, or the immediate flight after committing, or attempting to commit, the following felonies: [¶] (A) Robbery in violation of Section 211 . . . ." Further statutory references are to the Penal Code.

opinion, we concluded the superior court did not err in finding Simpson ineligible for relief without appointing counsel and holding an evidentiary hearing because of the true finding on the special circumstance allegation and the court's instruction of the jury with CALCRIM No. 703 that to prove the special circumstance the People must prove beyond a reasonable doubt Simpson intended to kill or was a major participant in the crime who acted with reckless indifference to human life.

After granting Simpson's petition for review, the Supreme Court transferred the case to us with directions to vacate our decision and reconsider Simpson's appeal in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). In their supplemental briefing, Simpson contends and the People concede that in light of *Strong* and *Lewis*, the superior court erred in denying Simpson's petition without appointing counsel and holding an evidentiary hearing, and the error was prejudicial. We agree and now reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

As we explained in *Simpson I, supra*, B271460, Simpson's murder conviction arose from the killing of a meat market employee, Louis Valadez, in the course of a robbery of the market. During the robbery, one of Simpson's two confederates fired four shots at Valadez, killing him.

The information charged Simpson with 12 counts, including murder (§ 187), with the special allegation the murder was committed while Simpson was engaged in the commission of a robbery (§ 190.2, subd. (a)(17)(A)). The information alleged Simpson personally used a firearm in connection with the murder and specified other charges (§ 12022.53, subd. (b)), and the

3

murder and specified offenses were committed to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). The jury convicted Simpson on all counts and found each of the special allegations true.

In *Simpson I, supra*, B271460 we affirmed Simpson's convictions but remanded for resentencing in light of multiple sentencing errors. After an appeal of the sentence imposed on remand (*Simpson II, supra*, B291875), Simpson was sentenced to an aggregate state prison sentence of life without the possibility of parole, plus 44 years four months.

On February 7, 2019 Simpson, in pro per., filed a petition for relief stating he had met the requirements under former section 1170.95 for relief under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), including that (1) the information allowed the prosecution to proceed under a theory of felony murder; (2) he was convicted of murder based on a theory of felony murder; and (3) Simpson could not be convicted of first or second degree murder under changes to sections 188 and 189 effective January 1, 2019. Simpson requested the court appoint him counsel and vacate his murder conviction.

On February 11, 2019 the superior court summarily denied Simpson's petition without Simpson or any counsel present. The court explained, "The jury not only found the petitioner guilty of first degree murder but also found true, the special circumstance under [section] 190.2(a)(17)(A), that the murder was committed while the petitioner was engaged in the commission of a robbery. The jury was instructed that they could not find the special circumstance allegation true unless they found that the petitioner had the intent to kill or the petitioner was a major participant in the crime and that he acted with reckless

4

indifference to human life. (See CALCRIM No. 703). In fact, by finding the allegation to be true, the jury had to have found that petitioner, even if not the actual killer, acted with the intent to kill or was a major participant and acted with reckless indifference to human life. [¶] Therefore, due to the jury's findings as stated and pursuant to . . . section 189 (e)(3), the petitioner does not qualify for resentencing [under] section 1170.95."

## DISCUSSION

A.     *Senate Bill 1437 and Section 1172.6 (Former Section 1170.95)*

Senate Bill 1437 eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*Strong, supra*, 13 Cal.5th at pp. 707-708; *Lewis, supra*, 11 Cal.5th at p. 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848.) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder except under the revised felony-murder rule as set forth in section 189, subdivision (e). That section requires the People to prove specific facts relating to the defendant's individual culpability: The defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant, with the intent to kill, assisted in the commission of the murder (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life "as described in

5

subdivision (d) of Penal Code Section 190.2," the felony-murder special-circumstance provision (§ 189, subd. (e)(3)). (See *Strong*, at p. 708.)

Senate Bill 1437 also provided a procedure (now codified in section 1172.6) for an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder under Senate Bill 1437's changes to sections 188 and 189. (*Lewis, supra*, 11 Cal.5th at p. 959; *People v. Gentile, supra*, 10 Cal.5th at p. 847.) The ameliorative changes to the law now apply to attempted murder and voluntary manslaughter. (§ 1172.6, subd. (a).)

If the section 1172.6 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the court must appoint counsel to represent the petitioner upon his or her request pursuant to section 1172.6, subdivision (b)(3). Further, upon the filing of a facially sufficient petition, the court must direct the prosecutor to file a response to the petition and permit the petitioner to file a reply, and the court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (See § 1172.6, subd. (c).) Where a petitioner makes the requisite prima facie showing he or she falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

As the Supreme Court instructed in *Lewis*, in determining whether the petitioner has made a prima facie showing he or she is entitled to relief under section 1170.95, subdivision (c), "[l]ike the analogous prima facie inquiry in habeas corpus proceedings, 'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'" [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis, supra*, 11 Cal.5th at p. 971.) But "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) Rather, at the prima facie review stage, the court's review is limited to "'readily ascertainable facts'" in the record, such as the jury instructions, the record of the crimes committed, and jury findings on the enhancements. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see *People v. Harden* (2022) 81 Cal.App.5th 45, 50 [considering jury instructions and verdicts to determine whether the record of conviction conclusively established that defendant was actual killer]; *People v. Ervin* (2021) 72 Cal.App.5th 90, 106 [considering as part of record of conviction the jury instructions, closing arguments, and verdicts, which did not show defendant was ineligible for relief based on

7

jury's true findings on felony-murder special-circumstance allegation].)

B.      *The Trial Court's Error in Denying Simpson's Petition for Resentencing Without Appointing Counsel Was Prejudicial*

1.      *The trial court erred in failing to appoint counsel*

Simpson contends, the People concede, and we agree the trial court erred in summarily denying Simpson's petition for resentencing without appointing counsel because Simpson filed a facially sufficient petition.  Under *Lewis, supra*, 11 Cal.5th 952, which was decided after the superior court's denial of Simpson's petition and our original decision affirming that order, once a petitioner files a facially sufficient petition under section 1172.6 and requests appointment of counsel, the superior court must appoint counsel before performing a prima facie review under section 1172.6, subdivision (c).  (*Lewis*, at p. 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon filing of a compliant petition"]; see § 1172.6, subd. (b)(3) ["Upon receiving a petition in which the information required by this subdivision is set forth . . . , if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner."].)  The trial court therefore erred in denying Simpson's petition for resentencing without first appointing counsel.

2.      *The error in failing to appoint counsel was prejudicial*

Failing to appoint counsel for a petitioner at the prima facie review stage is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818.  (*Lewis, supra*, 11 Cal.5th at pp. 957-958, 973-974.)

As the *Lewis* court explained, "[A] petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id.* at p. 974.) The error was prejudicial.

Although the jury found the special circumstance allegation under section 190.2, subdivision (a)(17)(A), true, Simpson's trial predated the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, in which the court enumerated the relevant factors for determining whether a defendant was a major participant in an underlying serious felony and acted with reckless indifference to human life for purposes of section 190.2, subdivision (d). As the Supreme Court held in *Strong, supra,* 13 Cal.5th at page 721, "[U]nless a defendant was tried after *Banks* was decided, a major participant finding will not defeat an otherwise valid prima facie case. And unless a defendant was tried after *Clark* was decided, a reckless indifference to human life finding will not defeat an otherwise valid prima facie case." The *Strong* court explained, "A pre-*Banks* and *Clark* special circumstance finding does not negate that [prima facie] showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong*, at pp. 717-718.)

Further, under *Lewis, supra,* 11 Cal.5th at page 972, as discussed, a reviewing court may not engage in factfinding at the prima facie review stage. Therefore, we cannot find the error in failing to appoint counsel harmless based on our independent

review of whether the facts presented at trial showed the *Banks/Clark* factors established beyond dispute that Simpson was a major participant and acted with reckless indifference to Valadez's life when committing the robbery. We reverse the postjudgment order denying Simpson's petition and remand for appointment of counsel, issuance of an order to show cause, and further proceedings pursuant to section 1172.6, subdivision (d).

## DISPOSITION

The order denying Simpson's section 1172.6 petition is reversed. On remand the superior court is to appoint counsel for Simpson, issue an order to show cause, and conduct further proceedings in accordance with section 1172.6, subdivision (d).

FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.

10